UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHONG TAN LAM,

        Plaintiff,

v.

DIRECTOR, IMMIGRATION AND
CUSTOMS ENFORCEMENT,
DIRECTOR, MIAMI FIELD
OFFICE, ENFORCEMENT AND
REMOVAL OPERATIONS,
IMMIGRATION AND CUSTOMS
ENFORCEMENT,  SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY,

        Defendants.

Case No. 2:25-cv-1202-KCD-DNF

## **ORDER**

Petitioner Phon Tan Lam is an alien who was ordered removed from the United States in 2002 following a criminal conviction. (Doc. 1 ¶¶ 19-21.)[1] After living under an order of supervision for roughly two decades, Lam was taken back into federal custody in October 2025. He now seeks a temporary restraining order ("TRO") effecting his immediate release, arguing that his detention has become indefinite and unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

A temporary restraining order is a drastic remedy. It requires a court to act on incomplete information, often before the other side has had an opportunity to appear. Because Lam has not made the clear showing required to justify such a step, his motion is **DENIED**.

## I. Legal Standard

To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

## II. Discussion

The core of Lam's argument is that the Government is holding him with no end in sight. Under the Supreme Court's decision in *Zadvydas*, the Government cannot detain a non-citizen indefinitely just because they have been ordered removed. If removal is not "reasonably foreseeable," the detention must generally end. 533 U.S. at 699. Lam contends that because he

has been here for twenty years without being deported, his removal is unlikely. (Doc. 2 ¶¶ 6-7.)

But Lam's argument misses a crucial piece of the puzzle: context. He was not detained continuously for twenty years; he was released in 2003 and lived under supervision until October 2025. The Government's decision to re-detain him now, after so much time, suggests the opposite of what Lam claims. It suggests that something has changed—likely regarding the mechanics of his repatriation to Vietnam.

Lam's petition notes that ICE recently required him to complete a "Self Declaration Form" pursuant to a 2020 Memorandum of Understanding with Vietnam. (Doc. 1 ¶ 37.) This indicates that the diplomatic machinery required to effectuate his removal is active. When the Government moves a person from supervision back into custody, as here, it reasonably signals that such travel documents are forthcoming or that removal is imminent.

In a *Zadvydas* challenge, the burden is initially on the detainee to provide good reason to believe that there is no significant likelihood of removal in the foreseeable future. 533 U.S. at 701. Only then does the Government have to respond with evidence. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). By seeking a TRO, Lam asks the Court to assume the Government has no such evidence. But that is not an assumption

the Court is willing to make here given the record suggests that the removal process is moving forward.

What is more, the balance of equities does not support immediate, ex parte relief. The Government has a distinct interest in the "prompt execution of removal orders." *Nken v. Holder*, 556 U.S. 418, 436 (2009). If the Government has secured the necessary travel documents as the record suggests could be the case, releasing Lam now—even for a few days—might frustrate a removal process that has been decades in the making.

Lam may have a valid argument. If the Government cannot produce evidence that his removal is likely in the near future, the Constitution (and *Zadvydas*) will require his release. But that is a determination to be made after the Government has had its say, not before. Lam's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is thus **DENIED**.

**ORDERED** in Fort Myers, Florida on December 31, 2025.

Kyle C. Dudek
United States District Judge

4